## PROPER *against* LUCE.

3 PW   65
206    1602

Amendments at the common law are not subject to revision on a writ of error. But statutory amendments, being demandable of right, though involving the exercise of a legal discretion, are.

In an action of slander, where the words spoken are so defectively set out as not to be actionable, the declaration may be amended by setting out a good cause of action, provided the words substituted import a charge generically the same.

The omission of the word "firmly" in an affidavit made to obtain an appeal, is a fatal defect, which cannot be cured by the substitution of a perfect affidavit after the time allowed for an appeal; but such defect in the appeal is waived by the party taking the costs out of court, which were paid by the appellant:

Error to the Common Pleas of *Venango* county.

This was an action of slander, in which *James Luce* was plaintiff, and *Samuel Proper* was defendant. In the declaration the alleged slanderous words were thus set out : "He" (the said *James Luce* meaning,) "had to go and stand up before court and stop his hand on his mouth and say, I" (himself, the said *James Luce* meaning,) "am a liar, and he" (the said *James Luce* meaning,) "gave a libel, and it stands recorded in Meadville against him" (the said *James Luce* meaning,) "yet, and he" (the said *James* meaning,) "made a libel and is infamous, and a common libeller." (meaning, &c.) Subsequently, by leave of the court, this declaration was withdrawn and a new one substituted, in which the alleged slanderous words were thus set out : "He" (the said *James*, the plaintiff meaning,) "swore to a lie and is perjured, and he (the said *James* the plaintiff meaning) "had to go and stand up before court and stop his hand on his mouth and say to his mouth" (the mouth of the said *James* the plaintiff meaning,) "you" (the said mouth meaning,) "are a liar; and he" (the said *James* the plaintiff meaning,) "gave a libel, and it stands recorded against him" (the said *James* meaning,) "in *Meadville* yet, and he" (the said *James* meaning,) "made a libel and is an infamous and common libeller," (meaning, &c.) Afterwards the cause was referred under the compulsory arbitration act, and an award was made in favor of the plaintiff; from which the defendant appealed. In his affidavit made on the appeal, the word "firmly" was omitted. The costs having been paid, the plaintiff received his from the prothonotary. A motion was made at the next term to strike off the appeal, because of the said defect in the affidavit when the defendant made another and perfect affidavit and offered to file it, but the court decided that it could not be received; and struck off the appeal.

The following errors were assigned:

1. The court erred in granting leave to file a new declaration, introducing a new and specific cause of action.

(Proper *v.* Luce.)

2d. The court erred in rejecting the second affidavit of the defendant, and supplying the word "*firmly*" omitted in the first.

3. The court erred in quashing the appeal, the plaintiff having received from the prothonotary the costs paid in by the defendant on the appeal.

*Galbraith* for plaintiff in error.

The act of assembly allows amendments to be made, but does not allow the substitution of a new cause of action. In the declaration first filed, it is set out that the defendant charged the plaintiff with having given a libel—that he was an infamous and common libeller; in the second it is, that he charged him with perjury. *Johnston* v. *Tate,* 5 *Bin.* 121.

Although the affidavit was defective, yet that defect was waived by the plaintiff taking the costs which had been paid on the appeal, as is expressly decided in *Beidman* v. *Vanderslice,* 2 *Rawle,* 334.

*Pearson* for defendant in error,

Contended, that the cause of action set out in the second declaration was not new, but substantially the same with the first: and that it was properly allowed. *Cunningham* v. *Day,* 2. *Serg. &* *Rawle,* 1. That no objection having been made to it at the time, and not until after the cause had been referred and tried before arbitrators, it was now too late to make the objection.

The plaintiff at the time he took out the costs might have treated the appeal as a nullity, and taken out executions; it cannot therefore make any difference that he took the costs without execution.

The opinion of the court was delivered by

GIBSON, C. J.—Amendments at the common law, being reducible to no rule, but grantable as they happen to appear conducive to justice, are not subject to revision on a writ of error. But statutory amendments being demandable of right though involving the exercise of a legal discretion, are constantly inquired of here; as under the act of 1806, the power conferred by which is no further restrained than to prevent the introduction of a different and distinct cause of action. The rule seems to be, that the plaintiff is not to have recourse to a new subject or transaction; and according to that the ground of action in slander would remain the same, though different words were substituted, if importing a charge generically the same. Here however there was no cause of action in the derelict count, the import of the term "common libeller," the only actionable words laid, being qualified by the context so as to mean one who, in popular language, perhaps peculiar to our own state, is in the practice when called to account, of giving a *libel;* in other words, a written admission of the falsity of a story propagated by himself. This peculiarity was not sufficiently adverted to in *An-*

*drew,* v. *Koppenheaffer,* 3 *Serg. & R. 255,* where the obnoxious words, I am now convinced, were used in that sense. As then the substantial part of the cause of action was omitted in the present case, it seems to be one of those which the legislature had especially in view; and if the count were not amendable, every slip which leaves the subject of the demand imperfect, would be irretrievable. The proper limitation to this is, that such a slip would afford no pretext to introduce a cause of action which belongs to a class entirely different from the one apparently attempted.

In regard to the remaining points, it is clear that no supplemental affidavit could be received to supply the word "firmly" omitted in the original. But it is also clear, that taking out of court the costs that were paid in on the appeal, was a confirmation of it, and a waiver of that undoubted defect. The argument is, that the appeal being a nullity, the appellee ought not to be prejudiced by accepting what belonged to him in any event, either by virtue of the appeal or the award of the arbitrators. The answer is that the appeal, so far from being void, was available for every purpose till it was avoided by the judgment of the court; and that while it was pending, the party was entitled to take out the costs on no other terms than those on which they were paid in, and in no other character than that of an appellee. By receiving the costs from the prothonotary, then, he waived all objection.

Judgment reversed, with direction to reinstate the appeal.